KEYSTONE LUBRICATING COMPANY v. CHARLES E. WILLHELM COMPANY.[1]

March 6, 1908.

Nos. 15,395—(123). ·

Action in the district court for Hennepin county to recover $3.072, the value of certain goods sold and delivered. The case was tried before John Day Smith, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*R. L. Penney,* for appellant.
. *Stevens & Stevens,* for respondent.

PER CURIAM.

The complaint alleged that the plaintiff, at the special instance and request of the defendant, sold and delivered certain merchandise of the reasonable value of, and for which the defendant promised to pay, $3,072. The answer alleged delivery by mistake; an offer to return the goods by defendant; plaintiff's refusal; that the reasonable value did not exceed $1,500; and that plaintiff was negligent in not making an inquiry before shipping the goods as to the genuineness of any order for said goods purporting to have been given by said defendant. Before evidence was introduced, defendant moved the court that plaintiff be compelled to choose whether it would stand upon express contract, or quantum meruit. The plaintiff then elected to rely upon "contract, express or implied." The court: "You do not rely upon quantum meruit?" The defendant "No."

The court in its charge to the jury submitted the correspondence of the parties from which to determine whether the parties "agreed upon anything and what they agreed upon." It also charged: The acceptance by the buyer "renders him liable for the price agreed upon and precludes him from alleging that the goods were not of the *character or quality called for by the contract.*" 1. "When a person indebted on account receives a statement thereof and retains it beyond such time as is reasonable under the circumstances, without objection, he is considered to have acquiesced in its correctness."

[1] Reported in 115 N. W. 1134.

2. There must be a recovery for price of at least 18,000 pounds of the goods ordered. "In case the jury should find that the plaintiff sent more goods to the defendant than were ordered, and the defendant did not accept and receive all the goods, then it will be the duty of the jury to ascertain what amount the defendant did accept and receive, and what amount it received and did not accept." The jury returned a verdict for the full amount prayed for. This appeal was taken from an order denying a motion for a new trial.

One of the principal assignments of error is that a contract had not been proved or that the goods had been sold for an agreed price. We think the trial court properly denied defendant's motion to dismiss the case for that reason. The correspondence showed at least an order for a small car or grease—from 18,000 to 24,000 pounds. The amount shipped was some 36,000 pounds. The merchandise and invoice were delivered to defendant and retained by it from fifty two to sixty three days without objection. The car of grease was not only received and unloaded by defendant, but was examined and stored away in its basement. After the invoice had been received, defendant made no complaint nor objection to either the quantity nor quality or price of the grease, but commenced to sell it. Two hundred fifty six cans were shipped and received. Defendant in a letter subsequently says that it then had "two hundred thirty three cases untouched." Taking the testimony as a whole, we think it justified the jury in finding that these goods were sold and delivered under an entire contract of sale. Defendant contends that the cause of action for merchandise sold at an agreed price is not sustained by proof of facts which create an estoppel in law and that the proof in this case established no more than that or an account stated. Plaintiff elected to stand upon a contract, express or implied, and did not rely upon a quantum meruit. Plaintiff's position appears to have been that it did not sue for the reasonable value of the goods but for the price agreed upon in an express contract which was implied from the acceptance of the goods and the retention of the invoice. There was sufficient proof to justify the finding that a contract had been created by the conduct of the parties in ordering, receiving, accepting and retaining the goods and in receiving and keeping the invoices without objection.

A number of assignments of error addressed to alleged erroneous admissions of evidence are not well taken in the view previously set forth. Nor do we find any error in the direction of the trial court that the jury must find for the plaintiff in some amount, at least for 18,000 pounds. All other assignments of error have been considered and found not to justify reversal.

Affirmed.